

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
BEAUFORT DIVISION

| | | |
|---|---|---|
| WILLIAM WASHINGTON,<br>　　　　Petitioner, | §<br>§<br>§ | |
| vs. | § | CIVIL ACTION NO. 9:18-01160-MGL |
| WARDEN WILLIAMS,<br>　　　　Respondent. | §<br>§<br>§ | |

**ORDER ADOPTING THE REPORT AND RECOMMENDATION
AND DISMISSING PETITIONER'S PETITION FOR WRIT OF HABEAS CORPUS
WITHOUT PREJUDICE AND WITHOUT REQUIRING RESPONDENT
TO FILE A RETURN**

This case was filed as a petition for writ of habeas corpus (petition) under 28 U.S.C. § 2241 (section 2241). Petitioner is proceeding pro se. The matter is before the Court for review of the Report and Recommendation (Report) of the United States Magistrate Judge suggesting Petitioner's petition be dismissed without prejudice and without requiring Respondent to file a return. The Report was made in accordance with 28 U.S.C. § 636 and Local Civil Rule 73.02 for the District of South Carolina.

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270 (1976). The Court is charged with making a de

novo determination of those portions of the Report to which specific objection is made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

"A document filed *pro se* is 'to be liberally construed.'" *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). Courts are not, however, required to "conjure up questions never squarely presented to them" or seek out arguments for a party. *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

The Magistrate Judge filed the Report on June 21, 2018. ECF No. 8. On July 9, 2018, the Clerk of Court entered Petitioner's objections to the Report, which were mailed July 6, 2018. ECF No. 11. The Court has reviewed the objections, but holds them to be without merit. Therefore, it will enter judgment accordingly.

Petitioner first objects the Magistrate Judge erred in construing his section 2241 petition as a petition under 28 U.S.C. § 2254 (section 2254). Although Petitioner is correct the Magistrate Judge read the petition as one under section 2254, the Court agrees with the Magistrate Judge's construction. *See In re Wright*, 826 F.3d 774, 779 (4th Cir. 2016) (internal quotation marks omitted) (holding "regardless of how they are styled, federal habeas petitions of prisoners who are in custody pursuant to the judgment of a State court should be treated as applications under section 2254[.]"). For that reason, the Court will overrule Petitioner's first objection.

Petitioner next objects the Magistrate Judge erred in recommending Petitioner is unable to bring his petition. Petitioner advances he should be able to bring his new habeas claim in a

successive habeas petition, such as the instant petition, because his claim "relies upon a new rule of constitutional law." ECF No. 11 at 3.

A petitioner may bring a new habeas claim in a successive habeas petition under section 2254 when the new claim "relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable . . . ." 28 U.S.C. § 2244(b)(2)(A). Notwithstanding that rule, Petitioner's second objection fails for two reasons. First, Petitioner neglects to show his claim relies upon a new rule of constitutional law. Second, even assuming *arguendo* Petitioner could show his new habeas claim relied upon a new rule of constitutional law, the United States Court of Appeals for the Fourth Circuit would have to authorize his instant habeas petition as a successive habeas petition. 28 U.S.C. § 2244(b)(3)(A). There has been no such authorization here. Accordingly, the Court will overrule Petitioner's second objection.

After a thorough review of the Report and the record in this case pursuant to the standard set forth above, the Court overrules Petitioner's objections, adopts the Report, and incorporates it herein. Therefore, it is the judgment of this Court Petitioner's petition is **DISMISSED WITHOUT PREJUDICE** and without requiring Respondent to file a return.

To the extent Petitioner requests a certificate of appealability from this Court, the certificate is **DENIED**.

**IT IS SO ORDERED**.

Signed this 16th day of July, 2018, in Columbia, South Carolina.

                                            s/ Mary Geiger Lewis  
                                            MARY GEIGER LEWIS  
                                            UNITED STATES DISTRICT JUDGE

*****
## NOTICE OF RIGHT TO APPEAL

The parties are hereby notified of the right to appeal this Order within thirty days from the date hereof, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.